IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PETRINA SMITH,              )<br>                             )<br>     Plaintiff,            )<br>                             )<br>          v.               )<br>                             )<br>THE UNITED STATES,           )<br>                             )<br>     Defendant.            )   | No. 19-1348 C<br>(Judge Smith) |

### DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in the paragraph before numbered paragraph 1 constitute conclusions of law and plaintiff's characterization of her case, to which no answer is required. The numbered responses below refer to the correspondingly numbered paragraphs of the complaint.

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of her case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in the first sentence of paragraph 2 to the extent they allege that plaintiff worked for the Veterans Canteen Service at locations in Palo Alto and Menlo Park, California, as an Assistant Canteen Chief (Intern), effective on or about September 23, 2012, and as an Assistant Canteen Chief, effective on or about July 14, 2013, and that plaintiff was separated on or about February 21, 2019; denies the remaining allegations contained in the first sentence of paragraph 2. Admits the allegation that the Veterans Canteen Service classified plaintiff as exempt from the overtime provisions of the Fair Labor Standards Act contained in the second sentence of

paragraph 2; the remaining allegations contained in the second sentence of paragraph 2 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits.

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent they allege that defendant classified plaintiff and other Assistant Canteen Chiefs as exempt from the overtime provisions of the Fair Labor Standards Act and paid them a salary, which was intended to compensate them for all hours worked, without regard to whether the hours worked were in excess of 40 per week; the remaining allegations contained in the first sentence of paragraph 4 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegation that defendant "improperly classified" Assistant Canteen Chiefs contained in the second sentence of paragraph 4 is a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; denies the remaining allegations contained in the second sentence of paragraph 4.  The allegation regarding what plaintiff's "duties primarily consisted of" contained in the third sentence of paragraph 4 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of her case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of her case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law, to which no answer is required.

8. The allegations contained in paragraph 8 constitute conclusions of law, to which no answer is required.

9. The allegations contained in paragraph 9 constitute conclusions of law, to which no answer is required.

10. The allegations contained in paragraph 10 constitute conclusions of law, to which no answer is required.

11. Denies the allegation regarding plaintiff's residency contained in the first sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to its truth.  Admits the allegations contained in the second sentence of paragraph 11 to the extent they allege that the Veterans Canteen Service employed plaintiff at locations in Palo Alto and Menlo Park, California, as an Assistant Canteen Chief (Intern), effective on or about September 23, 2012, and as an Assistant Canteen Chief, effective on or about July 14, 2013, and that plaintiff was separated on or about February 21, 2019; denies the remaining allegations contained in the second sentence of paragraph 11.

12. Admits that plaintiff did not receive separate "overtime compensation;" the allegation that plaintiff did not receive overtime compensation "as required by federal law" contained in paragraph 12 is a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the allegation

regarding the hours worked by plaintiff contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to its truth.

13. Admits the allegation that plaintiff was an employee of defendant contained in paragraph 13. Denies the allegation that plaintiff was employed "[a]t all relevant times" for lack of knowledge or information sufficient to form a belief as to its truth, inasmuch as we do not know to which period it refers; but admits plaintiff was an employee from on or about September 23, 2012, to on or about February 21, 2019.

14. Admits the allegation contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its content; otherwise denies the allegation.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff's characterization of her case, to which no answer is required.

16. Admits the allegation contained in the first sentence of paragraph 16. The allegation contained in the second sentence of paragraph 16 constitutes a conclusion of law, to which no answer is required.

17. Admits the allegations contained in paragraph 17 to the extent they allege that defendant employed plaintiff and other Assistant Canteen Chiefs. Denies the allegation regarding "Representative Action Members" for lack of knowledge or information sufficient to form a belief as to its truth, inasmuch as "Representative Action Members" are not identified; whether they would be subject to the Fair Labor Standards Act constitutes a conclusion of law, to which no answer is required.

18. Admits the allegations contained in the first sentence of paragraph 18 to the extent they allege that the Veterans Canteen Service employed plaintiff as an

Assistant Canteen Chief (Intern), effective on or about September 23, 2012, and as an Assistant Canteen Chief, effective on or about July 14, 2013; admits the allegations contained in the first sentence of paragraph 18 to the extent they allege that defendant employed other Assistant Canteen Chiefs, but denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth because those "similarly situated" are not identified. To the extent plaintiff alleges all other Assistant Canteen Chiefs are similarly situated, that allegation is a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. The allegations regarding "primary job duties" contained in the second sentence of paragraph 18 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19.     Admits the allegations contained in paragraph 19 to the extent they allege that defendant classifies all Assistant Canteen Chiefs as exempt from the overtime provisions of the Fair Labor Standards Act and pays Assistant Canteen Chiefs a salary, which is intended to compensate them for all hours worked, without regard to whether the hours worked are in excess of 40 per week; the remaining allegations contained in paragraph 19 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20.     Admits the allegations contained in the first sentence of paragraph 20 to the extent they allege that plaintiff was classified at Grade 10, Step 3, when she was appointed to Assistant Canteen Chief (Intern) and by separation was classified as Grade 11, Step 5. Admits the allegation contained in the second sentence of paragraph 20 to the extent supported by the document cited, which is the best evidence of its content;

otherwise denies the allegation. Admits the allegations that pay grades and steps may vary for Assistant Canteen Chiefs and that defendant classifies Assistant Canteen Chiefs as exempt contained in the third sentence of paragraph 20.

21. The allegations contained in paragraph 21 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegation that plaintiff performed "nonexempt duties" contained in the first sentence of paragraph 22 is a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the allegations contained in the second sentence of paragraph 22. Admits the allegations contained in the third sentence of paragraph 22. Denies the allegations contained in the fourth sentence of paragraph 22.

23. The allegation contained in the first sentence of paragraph 23 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. To the extent plaintiff alleges in the second sentence of paragraph 23 that all other Assistant Canteen Chiefs are similarly situated, that allegation is a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; admits the remaining allegations contained in the second sentence of paragraph 23.

24. The allegation contained in the first sentence of paragraph 24 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the remaining allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25.     Admits the allegation that plaintiff did not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction contained in paragraph 25; the remaining allegations contained in paragraph 25 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26.     Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27.     Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28.     Denies the allegations contained in the first sentence of paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 28 to the extent they allege that defendant classified plaintiff as exempt from the overtime provisions of the Fair Labor Standards Act and paid plaintiff a salary, which was intended to compensate her for all hours worked, without regard to whether the hours worked were in excess of 40 per week, and that plaintiff did not receive separate "overtime compensation," as alleged in the second sentence of paragraph 28; the remaining allegations contained in the second sentence of paragraph 28 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the third sentence of paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Denies the allegations regarding plaintiff's communications to management contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth; the allegation that plaintiff was not "properly" compensated is a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

30. Admits the allegations contained in the first sentence of paragraph 30 to the extent they allege that defendant continues to classify Assistant Canteen Chiefs as exempt from the overtime provisions of the Fair Labor Standards Act and pay Assistant Canteen Chiefs a salary, which is intended to compensate them for all hours worked, without regard to whether the hours worked are in excess of 40 per week; the allegation that defendant "misclassif[ies]" Assistant Canteen Chiefs constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  The remaining allegations contained in paragraph 30 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law, to which no answer is required.

32. The allegations contained in paragraph 33 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35. Denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. Denies the allegations contained in paragraph 36 to the extent they allege that defendant does not maintain a time and attendance system; denies the allegation suggesting that defendant's time and attendance system does not "track hours worked by Assistant Chiefs" contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to its truth.

37. Denies the allegation that defendant does not keep records regarding the hours worked contained in paragraph 37. To the extent plaintiff alleges that all other Assistant Canteen Chiefs were "similarly situated" to plaintiff, that allegation constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

38. The allegation contained in paragraph 38 constitutes a conclusion of law, to which no answer is required.

39. The allegation contained in paragraph 39 constitutes a conclusion of law, to which no answer is required.

40. The allegation contained in paragraph 40 constitutes a conclusion of law, to which no answer is required. Avers that the agency classified plaintiff as an employee.

41. The allegations contained in paragraph 41 constitute conclusions of law, to which no answer is required.

42. The allegation contained in paragraph 42 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

43. The allegations contained in paragraph 43 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute plaintiff's characterization of her case, to which no answer is required.

45. The allegations contained in paragraph 45 constitute plaintiff's characterization of her case, to which no answer is required.

46. The allegations contained in paragraph 46 constitute conclusions of law and plaintiff's characterization of her case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegation contained in paragraph 47 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

48. The allegation contained in paragraph 48 constitutes plaintiff's characterization of her case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

49. The allegations contained in paragraph 49 constitute conclusions of law and plaintiff's characterization of her case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegation contained in paragraph 50 constitutes plaintiff's characterization of her case, to which no answer is required.

51. Defendant's responses to paragraphs 1 through 50 are incorporated by reference.

52. The allegations contained in paragraph 52 constitute conclusions of law, to which no answer is required.

53. Admits the allegations contained in paragraph 53 to the extent they allege that defendant classified plaintiff and other Assistant Canteen Chiefs as exempt from the overtime provisions of the Fair Labor Standards Act and paid a salary, which was intended to compensate for all hours worked, without regard to whether the hours worked were in excess of 40 per week, and did not pay "separate" overtime pay. Denies the allegations regarding the hours worked by plaintiff and "others similarly situated" contained in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth. The remaining allegations contained in paragraph 53 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Admits the allegations contained in paragraph 55 to the extent they allege that defendant classified plaintiff and other Assistant Canteen Chiefs as exempt from the overtime provisions of the Fair Labor Standards Act and paid a salary, which was intended to compensate for all hours worked, without regard to whether the hours worked

were in excess of 40 per week, and did not pay "separate" overtime pay; the remaining allegations contained in paragraph 55 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegation contained in paragraph 57 constitutes a conclusion of law and plaintiff's characterization of her case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

58. The allegation contained in paragraph 58 constitutes plaintiff's characterization of her case, to which no answer is required.

59. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 58, or to any relief whatsoever.

60. Denies each and every allegation not previously admitted or otherwise qualified.

                                          Respectfully Submitted,

                                          JOSEPH H. HUNT
                                          Assistant Attorney General

                                          ROBERT E. KIRSCHMAN, JR.
                                          Director

                                          <u>/s/ Reginald T. Blades, Jr. by</u>
                                          <u>/s/ Steven J. Gillingham</u>
                                          REGINALD T. BLADES, JR.
                                          Assistant Director

/s/ Zachary J. Sullivan
ZACHARY J. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
Telephone: (202) 616-0320
E-mail:  zachary.j.sullivan@usdoj.gov

January 3, 2020                              Attorneys for Defendant