IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PETRINA SMITH, individual, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 19-1348C<br>(Judge Smith) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims (RCFC), plaintiff, Petrina Smith, respectfully submits this status report on behalf of the parties. On February 21, 2020, defendant's counsel, Rafique O. Anderson, authorized plaintiff to file this status report on behalf of the parties:

　　a.　　Jurisdiction

Plaintiff states that this Court possesses jurisdiction to entertain this action pursuant to, 28 U.S.C. §§ 1491, 2201, *et. Seq.*, 2516, 2517, and 29 U.S.C. § 216(b). Defendant is not aware at this time of any basis upon which to challenge this Court's jurisdiction to entertain the plaintiff's complaint.

　　b.　　Consolidation

The parties agree that this case should not be consolidated with any other case.

　　c.　　Bifurcation

The parties agree that liability and damages in this case should not be bifurcated.

　　d.　　Deferral

The parties agree that proceedings in this case should not be deferred pending

consideration of another case before this Court or any other tribunal.

    e.    <u>Remand/Suspension</u>

The parties agree that no remand or suspension will be sought.

    f.    <u>Joinder</u>

Defendant does not intend to seek joinder of any party. Plaintiff reserves the right to seek joinder of other similarly-situated employees as opt-in plaintiffs, and defendant reserves the right to oppose such joinder.

    g.    <u>Dispositive Motions</u>

One or both parties may submit a motion for summary judgment under RCFC 56 following the close of expert discovery.

    h.    <u>Relevant Issues</u>

        a.  <u>Plaintiff has identified the following relevant factual and legal issues:</u>

1. Whether Defendant misclassified Assistant Chiefs and those similarly situated employees as exempt under the FLSA?

2. Whether Defendant applied a common policy in misclassifying its Assistant Chiefs and those similarly situated employees as exempt under the FLSA?

3. Whether Plaintiff and those similarly situated are owed overtime compensation for hours worked over forty (40) in a week?

4. Whether Plaintiff and those similarly situated employees' primary duties were such that they were not properly classified as exempt employees?

5. Whether Defendant failed to keep time records of Plaintiff and other class members, as required by 29 C.F.R. § 516.2?

6. Whether Defendant was an "employer" as defined by the FLSA section 29 U.S.C. §

203(d)?

7. Whether Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1)?

8. Whether Plaintiff and those similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)?

9. Whether Defendant "suffered or permitted" Plaintiff and those similarly situated to work overtime hours without overtime pay and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g)?

10. Whether Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a given week without receiving pay at the overtime rate of 1.5 times the employee's regular rate of pay?

11. Whether Defendant willfully violated the FLSA in misclassifying Plaintiff and other similarly situated employees, and therefore a three (3) year statute of limitations applies?

12. Whether Defendant failed to act in good faith if and when it violated the Fair Labor Standards Act, entitling Plaintiff and those similarly situated to liquidated damages?

13. Whether Defendant is liable for attorneys' fees and costs?

   b. <u>Defendant has identified the following relevant factual and legal issues:</u>

1. Whether defendant properly classified plaintiff as "exempt" under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207?

2. If plaintiff was improperly classified as exempt under the FLSA, whether defendant acted in good faith and had reasonable grounds for believing that its acts were not a violation of the FLSA

3. Whether plaintiffs are entitled to attorneys' fees under the FLSA?

4. Whether the defendant's determination that plaintiffs are FLSA exempt is consistent with the FLSA and the applicable regulations and guidance.

i. <u>Settlement</u>

The parties agree that they cannot at this time predict the likelihood of settlement. As the case proceeds, the parties may enter into settlement discussions.

j. <u>Trial</u>

In the absence of a settlement or disposition of the case through pre-trial motions, the parties anticipate proceeding to trial. No party requests expedited trial scheduling.

k. <u>Electronic Case Management</u>

The parties have no special electronic case management needs.

l. <u>Additional Information</u>

There is no additional information of which the Court should be aware at this time.

m. <u>Proposed Discovery Plan</u>

<u>Plaintiff's Position:</u>
Plaintiff proposes that discovery proceeds as follows:

1. Initial disclosures by March 13, 2020.

2. The following briefing schedule for Plaintiff's conditional certification motion:

> Deadline for filing Plaintiff's motion for conditional certification of this matter as a collective action: July 10, 2020
>
> Deadline for filing of Defendant's opposition to Plaintiff's motion for conditional certification: August 7, 2020

> Deadline for filing of Plaintiff's reply in support of her motion for conditional certification: August 21, 2020
>
> Deadline for conditional certification discovery (unless Defendant fails to produce responsive documents during discovery and the Parties agree and/or Plaintiff petitions to extend this deadline): August 21, 2020

Plaintiff's Position:

It is Plaintiff's position that this proposed schedule allots time for Plaintiff to propound initial discovery prior to the filing of Plaintiff's motion for conditional certification. Plaintiff anticipates propounding written discovery by March 13, 2020. Plaintiff intends to propound written discovery including Requests for Production of Documents, Requests for Interrogatories and Admissions. Plaintiff intends to seek discovery including but not limited to documents related to: job duties of Assistant Chiefs and those similarly situated, claimed basis for exemption from overtime wage provision of the FLSA, time records, payroll records, work schedules, data from electronic programs used in furtherance of Assistant Chiefs' job duties, and employee handbooks and relevant policies. Plaintiff is amenable to reasonable data sampling.

Plaintiff also intends to depose Defendant's 30(b)(6) witnesses as well as any witnesses that Defendant discloses that may support Plaintiff's claims, any witnesses that Defendant will use to support their motion opposing conditional certification, and any witnesses Defendant may offer at trial (including expert witnesses).

Defendant's Position:

> Defendant proposes that discovery proceeds as follows:
>
> 1. Initial disclosures by March 13, 2020.
>
> 2. The following briefing schedule for Plaintiff's conditional certification

motion:

    End of pre-conditional certification discovery:    July 10, 2020

    Deadline for filing Plaintiff's motion for conditional certification of this matter as a collective action:    July 10, 2020

    Deadline for filing of Defendant's opposition to Plaintiff's motion for conditional certification:    August 7, 2020

    Deadline for filing of Plaintiff's reply in support of her motion for conditional certification:    August 21, 2020

<u>Defendant's Position:</u>

Defendant will only agree to pre-conditional certification discovery that is limited to affidavits and other available evidence for the sole purpose of determining whether other Assistant Canteen Chiefs are similarly situated to plaintiff. Defendant will not agree to produce any witnesses or produce any evidence that is probative for deciding substantive issues going to the ultimate merits of this action.

The parties respectfully propose that within two weeks of a determination on Plaintiff's motion for conditional certification, the parties will submit a further proposed discovery plan and schedule. The parties agree to produce all documents, including all electronically-stored documents, in a format and manner agreed upon by the parties. If electronic documents are requested, the parties agree to confer by telephone within 21 days after the request to discuss how electric documents will be collected, including the identity of custodians, and how electronic documents will be searched, including key words.

Respectfully submitted,                                      February 21, 2020

<u>s/ David R. Markham</u>                                    Stephen B. Morris
David Markham                                                The Law Offices of Stephen B. Morris
Maggie Realin                                                444 West C Street, Suite 300
Lisa Brevard                                                 San Diego, CA  92101
The Markham Law Firm                                         Telephone: (619) 239-1300
750 B Street, Suite 1950                                     Facsimile: (619) 374-7082
San Diego, CA  92101
Telephone: (619) 399-3995
Facsimile: (619) 615-2067

Walter Pennington
Pennington Law Firm
3302 30th Street
San Diego, CA  92104
Telephone: (619) 940-6157

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2020, the foregoing *Joint Preliminary Status Report* was electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record who have enrolled and registered for receipt of filings via the Court's ECF system.

/s/ David R. Markham