# In the United States Court of Federal Claims

| | |
|---|---|
| PETRINA SMITH, | |
| Plaintiff, | |
| v. | No. 19-1348 C |
| THE UNITED STATES, | Filed: June 15, 2020 |
| Defendant. | |

**PROTECTIVE ORDER**

On June 11, 2020, the parties jointly moved for a protective order. For good cause shown, the parties' motion is **GRANTED**. Accordingly, it is hereby **ORDERED** that defendant is authorized to release to plaintiffs' counsel and to the Court in this case, the names, email addresses, home addresses, payroll reports and other similar records protected by the Privacy Act, 5 U.S.C. § 552a, without obtaining prior written consent of the individuals to whom the records pertain. Such disclosure is subject to the conditions set out in this order.

1. For purposes of this order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. §§ 552a(a)(4) and (a)(5).

2. The phrase "protected information" as used in this Order indicates information protected by the Privacy Act. However, consents to sue forms signed by members of the collective, are not deemed protected information for purposes of this Protective Order.

3. Protected information shall be used by plaintiffs, their representative(s), and experts

only for the purpose of litigating this case, including any subsequent appeals, and shall not be disclosed to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals.

4. When producing protected information to the other party, a party shall clearly designate the material as such, marking the title page and each page containing protected information as follows:

**PROTECTED/CONFIDENTIAL MATERIAL**

**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**

**U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**

5. For any materials that a party produces in native electronic form, the disclosing party may designate the electronic material as protected information by affixing to a disc on which the electronic documents are being produced, or the cover to the disc, the protective order language identified in paragraph 4.

6. The party disclosing or producing the documents or information to be designated as protected information (in whole or in part) shall first have made a good-faith determination that the material is protected information. Material is considered protected information when so designated in the manner described in paragraph 4, unless a challenge is lodged. After disclosure or production of any protected information, all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute protected information.

7. If either party or a party's counsel identify documents or information as protected information that was inadvertently not designated as such, the identifying party or its counsel shall immediately provide written notice to the other party. The document or

information will then be subject to the provisions of this Protective Order, provided that within 10 days of such notice to the other party, the producing party shall provide to the receiving party a new version of the document or information with the designation as set forth in paragraph 4. Within 15 days of receipt of the timely provided new, designated document or information, the receiving party shall return the original document or information to the producing party, or certify that the original document or information has been destroyed.

8. Except as otherwise ordered by this Court, protected information may be disclosed to only the following persons: (a) counsel for plaintiffs in this action; (b) partners, associates, secretaries, paralegals, assistants, and employees or contractors of such counsel to the extent reasonably necessary to render professional services in this case; (c) experts, consultants, or other persons retained by either party to assist in the calculation of damages; and (d) the Court and Court personnel. Protected information may also be disclosed to plaintiffs in this litigation, except that no plaintiff is authorized to view or otherwise obtain protected information that pertains to another person. Counsel for plaintiffs may, however, disclose, for the purposes of this litigation only, the protected information of one plaintiff to another plaintiff when counsel for plaintiffs has obtained consent from the plaintiff to whom the protected information relates. Notwithstanding the foregoing, counsel may disclose to plaintiffs documents containing protected information if counsel redacts all personal identifying information from the document.

9. Nothing in this Protective Order restricts or otherwise alters the manner in which employees of the United States may obtain, distribute, or use protected information. The use of protected information by United States employees is governed by existing statutes

and regulations and is not affected by this Protective Order.

10. All individuals indicated in paragraph 8, above, to whom protected information is disclosed shall be informed of and shall agree with the terms of this order and shall not otherwise disclose protected information in the protected documents to the public or to any person or entity.  In addition, plaintiffs' counsel and all individuals indicated in paragraph 8(a)-(c) shall acknowledge their agreement to comply with the provisions of this order by signing a copy of the attached acknowledgment form. Counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded. If plaintiffs' counsel wishes to disclose protected information to any persons other than those indicated in paragraph 8, above, counsel must obtain defendant's consent. If defendant does not consent to disclosure, then plaintiffs' counsel may, on motion, seek modification of this order from the Court.

11. The provisions of this Protective Order shall not be considered as preventing any use of Privacy Act information otherwise allowable by law.

12. A party may redact protected information from documents to be used as deposition exhibits.

13. With regard to any depositions that may be taken, either party may, on the record of the deposition or within seven calendar days after receipt of the transcript, designate any portion or portions of the deposition as containing protected information. Prior to the expiration of the seven calendar days described in the preceding sentence, neither party may disclose the deposition transcript to anyone who did not participate in the deposition, other than those persons granted access to protected information pursuant to this Protective Order.

14. All deposition transcripts, any copies thereof, and the portions of the transcripts so designated as containing protected information may be disclosed only as provided in this Order.

15. Each party reserves the right to request the Court to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any request to modify the terms of the Protective Order.

16. Protected information may be presented to the Court only under seal.

17. Submissions to the Court containing protected information must be in two versions: a confidential version and a redacted, public version. The title page and each page containing protected information, including submissions filed electronically, shall be clearly marked as follows:

**PROTECTED/CONFIDENTIAL MATERIAL**

**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**

**U.S. COURT OF FEDERAL CLAIMS**

**PROTECTIVE ORDER**

The redacted, public version shall be filed with the Court within seven calendar days of the filing of the confidential version.

   a. The confidential version must identify the specific portion of the material for which any party has claimed protection by bracketing the protected information. A party proposing to file a submission must identify all information that it has reason to believe is protected by this Order.

   b. The public version shall be marked as such in a conspicuous manner on the cover page. Protected information shall be blacked out or deleted in a manner that indicates

that material has been removed. The public version shall be filed with the Court and shall be publicly available.

18. Unredacted copies of documents that contain protected information, or any documents or pleadings containing protected information, must be either returned to the defendant or destroyed upon the conclusion of this case, including any subsequent appeals. Within forty-five days after the conclusion of this case and any subsequent appeals, plaintiffs' counsel must certify in writing that all unredacted copies, documents, or pleadings containing protected information have been returned or destroyed, including those in the possession of their employees or agents.  However, plaintiffs' counsel may maintain one paper copy and one electronic copy of any protected information and documents containing protected information in its file for this case, including all pleadings, filings, transcripts, exhibits, correspondence, and any notes or summaries relating to the protected material, provided that the documents are clearly marked as required by this order.

19.  This order does not constitute any ruling on the question of whether any document or information is properly discoverable and does not constitute any ruling on any potential objection to discoverability, relevance, or admissibility, other than objections based on the Privacy Act.

    **IT IS SO ORDERED.**

     s/Eleni M. Roumel  
     Eleni M. Roumel  
     Judge

# In the United States Court of Federal Claims

| | |
|---|---|
| PETRINA SMITH,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>THE UNITED STATES,<br><br>　　　　Defendant. | No. 19-1348 C |

<u>EXHIBIT 1</u>

I, _____ declare:

1. I have received a copy of the protective order in this litigation. I have examined and understand the provisions of the protective order.

2. I will comply with all of the provisions of the protective order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the protective order, and will not copy or use except for the purposes of this litigation, any Protected Information (as defined in the protective order) which I receive in this action.

　　　　　　　　　　　　　　　　Executed this _____ day of _____
　　　　　　　　　　　　　　　　at _____

I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　(Signature)