# In the United States Court of Federal Claims

| | |
|---|---|
| PETRINA SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 19-cv-1348<br><br>Filed: April 5, 2022 |

## ORDER

On November 19, 2021, this Court issued an Order (ECF No. 35) (Order) approving a "Legal Notice of Collective Action and Opportunity to Join" (Notice) and a "Consent to Join Form" for potential plaintiffs. ECF No. 35-1 at 4. Individuals choosing to opt into this action are required to "read, sign, and return the form to Plaintiff's counsel . . . who will file the form with the Court." *Id.* at 2. Since this Court issued its Order, Plaintiff's counsel has filed eight opt-in notices. ECF Nos. 39, 44-50. Seven of them are not this Court's approved Notice, *see* ECF Nos. 44-50, and all eight fail to comply with the signature requirements for electronic filings in the U.S. Court of Federal Claims. ECF Nos. 39, 44-50; Appendix E ¶ 19 of the Rules of the U.S. Court of Federal Claims (Rule(s) or RCFC). Accordingly, this Court **STRIKES** all eight opt-in notices, without prejudice to refile in compliance with this Court's Order and Rules.

In its Order approving the Notice, this Court noted that the "Consent to Join Form" included the terms "Palo Alto or Menlo Park, California" to specify the "limited . . . pool of employees eligible to opt into the collective action at this time." Order at 7. Such additional language is included in the court-approved "Consent to Join Form" that was attached to this

Court's Order, but is omitted in the opt-in notices filed on behalf of Mildred Cannary, Cherise Carter, Kurt Davis, Lourdes Quintero Garcia, William B. Webb, Jr., Jeannette Little, and Tonya White.  *See* ECF Nos. 44-50; ECF No. 35-1.  To join this action, each opt-in plaintiff must sign the court-approved "Consent to Join Form."  (ECF No. 35-1.)

Additionally, all eight opt-in notices fail to comply with Appendix E ¶ 19 of the Rules of the U.S. Court of Federal Claims which requires all filings to include "a signature block, in compliance with RCFC 11(a), with the name of the Filing User under whose login and password the document is submitted."  *See* ECF Nos. 39, 44-50.  Rule 11(a), in turn, mandates that "[e]very pleading, written motion, and other paper must be signed by or for the attorney of record in the attorney's name."  Neither rule was followed here, as all the opt-in notices lack a signature from Plaintiff's attorney of record, or a cover page that includes such a signature.  *See* ECF Nos. 39, 44-50.

Given the defects in the filed opt-in notices, the Clerk of Court is **DIRECTED to STRIKE without prejudice** ECF Nos. 39 and 44-50 from the docket.  Plaintiff's counsel may refile opt-in notices that comply with this Court's Order and the Rules of the U.S. Court of Federal Claims.

IT IS SO ORDERED.

   s/ Eleni M. Roumel
ELENI M. ROUMEL
Judge