## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PETRINA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |
| | ) |

No. 19-1348C
Judge Lerner

## DEFENDANT'S RESPONSE TO PATRINA SMITH'S
## NOTICE OF DIRECTLY RELATED CASES

Defendant, the United States, respectfully responds to Petrina Smith's Notice of Directly

Related Cases (Notice), ECF No. 39.  Contrary to Ms. Smith's representation in her Notice, *Smith v.*

*United States* (*Smith*), No. 1:19-cv-1348 (Fed. Cl. September 4, 2019), is not directly related to

*Anderson, et al., v. United States*, No. 1:20-cv-1878C (*Anderson*), because these two cases do not

contain the same parties.  Furthermore, these cases are not indirectly related to each other and neither

consolidation nor transfer is warranted at this time.

## STATEMENT OF FACTS

On September 4, 2019, Petrina Smith, an Assistant Canteen Chief (ACC) in the Menlo Park

and Palo Alto Canteens of the Veterans Canteen Service (VCS), filed a complaint alleging that she

and other ACCs worked overtime and were wrongly classified as exempt from the overtime

provisions of the Fair Labor Standards Act (FLSA).  Ms. Smith argues that she and other ACCs

were wrongfully classified as exempt because she and other ACCs spent a large portion of their

working hours performing non-exempt tasks.

On June 4, 2021, Ms. Smith moved to conditionally certify a collective consisting of

"herself and other exempt-classified Assistant Canteen Chiefs . . .  throughout the United States from

the period of time commencing three years before Plaintiff and collective action members file their consents to sue, and until the present." *See Smith*, No. 1:19-cv-1348, ECF No. 25 at 5.  On September 28, 2021, Judge Roumel denied without prejudice Ms. Smith's motion for nationwide conditional certification.  On April 4, 2022, Ms. Smith filed a renewed motion for nationwide conditional certification.  On June 15, 2022, the United States filed a response opposing Ms. Smith's motion for nationwide certification. *See Smith*, No. 1:19-cv-1348, ECF No. 64.  As of August 26, 2022, Ms. Smith is the only plaintiff in the *Smith* case.[1]

On December 16, 2020, Drexel Anderson, a former ACC who worked in the Jackson, Mississippi Canteen, and Christina Cunningham, a former ACC who worked in the Seattle, Washington Canteen, filed a complaint alleging that they and other ACCs worked overtime and were wrongly classified as exempt from the overtime provisions of the FLSA.  Similar to Ms. Smith, the *Anderson* plaintiffs argue that they and other ACCs were wrongfully classified as exempt because they and other ACCs spent a large portion of their working hours performing non-exempt tasks.  From December 16, 2020, until May 16, 2022, an additional 33 ACCs filed notices indicating that they "consent to be a party plaintiff in a lawsuit against Defendant." *See* Anderson, ECF Nos. 4, 16, 22, 24, 26-31.  On May 17, 2022, the *Anderson* plaintiffs filed an amended complaint joining to the lawsuit the 33 ACCs who had previously filed notices of consent to join. *See id,* ECF No. 34.

On July 22, 2022, the *Anderson* plaintiffs moved to certify a collective consisting of ""[a]ll salaried, exempt-classified [ACCs] employed by the United States Department of Veterans Affairs

---

[1] Ms. Smith submitted declarations from other ACCs in support of her renewed motion for condition certification. *See Smith*, No. 1:19-cv-1348, ECF No. 55-1.  However, none of these other ACCs have joined her lawsuit and none are plaintiffs in *Anderson*.

for the [VCS] at any of VCS's locations in the United States at any time on or after December 16, 2017." *Id.*, ECF No. 38 at 1.  On August 19, 2022, the United States filed a response opposing the *Anderson* plaintiffs' motion for nationwide certification. *Id.,* ECF No. 40.

## ARGUMENT

### I.    *Smith* And *Anderson* Are Not Directly Related Cases

*Smith* and *Anderson* are not directly related cases because the parties are not the same.  In her Notice, Ms. Smith states that these cases are directly related because "both cases involve the same parties and are based on the same or substantially similar claims" and "both cases involve substantially similar parties and putative collective groups and involve determination of the same or substantially identical questions of law or fact regarding misclassification of ACCs."[2]  Notice, ECF No. 39, at 2. Rule 40.2(a)(2) of the Rules of the United States Court of Federal Claims (RCFC) defines cases as being "directly related when: (A) they involve the same parties and are based on the same or similar claims; or (B) they involve the same contract, property, or patent."  However, *Anderson* and *Smith* do not "involve the same parties."  RCFC 40.2(a)(2)(A).  As of August 26, 2022, the only plaintiff in *Smith* is Ms. Smith and the only plaintiffs in *Anderson* are 35 individuals, none of whom is Ms. Smith. Although the collectives that both plaintiffs in *Smith* and *Anderson* are seeking to have conditionally certified likely consist of a high degree of overlap, the putative collectives are not who the parties are today.  Further, even if the putative collectives are identical, which Ms. Smith seems to suggest they are

---

[2] Ms. Smith describes the parties in an internally inconsistent manner; she describes the parties as the "same" in one sentence and then "substantially similar" in a following sentence.

not[3], one becomes a party to a collective action only when he or she formally joins the case. It is uncertain what the Court will determine to be the parameters and criteria for each of the collectives sought in the two cases and which members of the putative collectives in *Anderson* and *Smith* may ultimately join those respective cases. It is thus premature to say that *Anderson* and *Smith* are directly related.

## II.      *Smith* And *Anderson* Are Also Not Indirectly Related Cases

*Smith* and *Anderson* are not indirectly related because they do not present common factual issues and consolidation for the purpose of coordinated discovery at this time would not promote the efficiency of justice. Under the RCFC, "cases are indirectly related when: (A) they present common issues of fact; and (B) their consolidation for purposes of coordinated discovery can be expected significantly to promote the efficient administration of justice." RCFC 40.2(b)(2). *Smith* and *Anderson* do not present "common issues of fact" because the factual evidence that plaintiffs in both cases have put forward in support of their conditional certification motions concern only the particular experiences of the respective plaintiffs in each case. That is, the facts at issue in *Smith* concern only the experiences of Ms. Smith and the 13 individual declarants (none of whom are plaintiffs in *Anderson*) on whom she relies, while the facts at issue in *Anderson* concern only the experiences of the specific individuals who joined the *Anderson* lawsuit. Accordingly, *Smith* and *Anderson* do not present "common issues of fact." RCFC 40.2(b)(2)(A).

Further, consolidation today would not be sensible. The parties in both *Smith* and *Anderson* have completed pre-conditional certification discovery and are in the process of, or have just finished,

---

[3] In addition to the "*substantially* similar" language, Ms. Smith asserts that the putative collective for *Anderson* has a different statute of limitations than the putative collective for *Smith*. Notice, ECF No. 39 (emphasis added).

briefing motions for conditional certification.  Depending on the outcome of the pending motions for conditional certification, additional discovery in the future may be warranted.  However, because there is currently no pending discovery in either case, "consolidation for purposes of coordinated discovery" is unwarranted at this time and therefore there is no basis to classify *Smith* and *Anderson* as indirectly related cases.  RCFC 40.2(b)(2)(B).

**III.     Transfer Is Inappropriate At This Time**

We concur with Ms. Smith that "assigning the cases to a single judge would not be likely to conserve judicial resources and promote efficiency in both actions at this time . . . [because] [b]oth cases currently have pending motion practice which, if the case(s) were reassigned at this juncture, may duplicate efforts on already briefed and pending matters."  Notice, ECF No. 39.  However, we take no position as to which judge should receive this case or *Smith* if the Court were to conclude that transfer is warranted.  Although *Smith* was filed before *Anderson*, that is not the only consideration in determining whether and to whom a transfer is warranted.  Therefore, if the Court is contemplating transferring this case, we respectfully request a status conference to address the Court's concerns and questions regarding transfer.

**CONCLUSION**

For the foregoing reasons, we respectfully request the Court to find that the *Smith* and *Anderson* case are not directly or indirectly related to each other, and that neither consolidation nor transfer of these cases is warranted at this time.

5

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY.
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ Rafique O. Anderson
RAFIQUE O. ANDERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-3274
Fax: (202) 514-7965
Rafique.Anderson@usdoj.gov

September 6, 2022                          *Attorneys for Defendant*